**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Jeffrey Lee Guillory                           Civil Action No. 6:16-cv-1753 Sec. P
     LA. DOC #126268

versus                                                    Chief Judge Dee D. Drell

Darryl Vannoy                                       Magistrate Judge Carol B. Whitehurst

## ORDER

Before the Court are Petitioner's Motion to Appoint Counsel and Motion for

Leave to Conduct Discovery.  (Doc. 3.)  Petitioner, who is proceeding *pro se* in this

federal habeas corpus action, has been granted leave to proceed *in forma pauperis*.

Petitioner seeks the appointment of counsel to assist him in the prosecution of

his federal habeas action filed pursuant to 28 U.S.C. § 2254.   In such cases,

appointment of counsel is mandatory if an evidentiary hearing is required.  *Thomas*

*v. Scott,* 47 F.3d 713, 715 (5ᵗʰ Cir. 1995); *see* Rule 8(c) of the rules following 28

U.S.C. § 2254.  The district court is not required to do so, but may appoint counsel,

if it authorizes discovery in such a case.  *Thomas*, 47 F.3d at 715 n.1.; *see* Rule 6(a)

of the rules following 28 U.S.C. § 2254.

Appointment of counsel, however, may occur at any stage of the case when

"the interests of justice so require and such person is financially unable to obtain

representation."  *Schwander v. Blackburn,* 750 F.2d 494, 502 (5ᵗʰ Cir. 1985); Rule

8(c) of the rules following 28 U.S.C. § 2254.  *See also* 18 U.S.C. § 3006A.  At such time that the rules require or the circumstances dictate, counsel will be appointed.  At this time, however, the Court finds Petitioner's motion to be premature and lacking in merit.

Next, Petitioner seeks leave to conduct discovery in this case even though Respondent has yet to be served with the federal habeas petition.  In a § 2254 action, a party is entitled to invoke the processes of discovery only if, and to the extent that, the habeas court in the exercise of its discretion and for good cause shown grants leave to do so.  *See* Rule 6(a) of the rules following 28 U.S.C. § 2254.  A party seeking discovery under Rule 6(a) must make specific factual allegations that establish good cause for permitting the requested discovery.  *Harris v. Johnson,* 81 F.3d 535, 540 (5th Cir.1996).  Petitioner's motion is premature at this time as Respondent has yet to file any responsive pleadings in this case.  *See Porter v. Berghuis*, No. 1:07-cv-781, 2008 WL 619397, at *1 (W.D. Mich. Mar. 4, 2008) (recognizing that motions for discovery and an evidentiary hearing are premature because the respondent has not filed an answer-response).  The Court will be in a better position to consider any discovery requests once such responsive pleadings are filed.

Accordingly,  **IT IS ORDERED** that Petitioner's Motion to Appoint Counsel

and Motion for Leave to Conduct Discovery (Doc. 3) are DENIED.

**THUS  DONE  AND  SIGNED** at  Lafayette,  Louisiana,  this  28th  day  of

December, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE