UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JEFFERY LEE GUILLORY** | **CIVIL ACTION NO. 16-CV-1753** |
| **LA. DOC #126268** | |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE DEE D. DRELL** |
| **DARRYL VANNOY** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Pro se petitioner Jeffery Lee Guillory, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on December 19, 2016. Petitioner attacks his 2011 conviction for Attempted Second Degree Murder and Second Degree Robbery and the concurrent sentences of fifty and forty years imposed thereon by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On March 15, 2010, petitioner was found guilty by a jury in the Fifteenth Judicial District Court, Lafayette Parish, of one count of attempted second degree murder and one count of second degree robbery and sentenced to concurrent sentences of fifty and forty years in Docket Number 119186. [Rec. Doc. 1, p. 1] He filed a direct appeal in the Third Circuit Court of Appeals, bearing Docket Number 10-1175, which was denied on April 6, 2011. [Rec. Doc. 1, p.2] He did not seek an appeal in the Louisiana Supreme Court. *Id.*

Petitioner filed several applications for post-conviction relief ("PCR") in the state courts. The first PCR application was filed on February 29, 2012.[1] [Rec. Doc. 1, p. 3] Along with the PCR application, petitioner filed several motions, including Petition for Writ of Habeas Corpus Ad Testificandum, Motion for Issuance of Subpoena Duces Tecum Ad Testificandum, Motion for Evidentiary Hearing and Appointment of Counsel. [Rec. Doc. 9-6, pp. 91- 105] Plaintiff concedes that these motions were denied by the Court on March 1, 2012. *Id.* However, he asserts that he never received a ruling from the trial court on the PCR. He later filed supplements to this PCR on April 12, April 29 and April 30, 2013. [*See* Rec. Doc. 9, p. 3]

After filing a second application for post-conviction relief[2], petitioner filed a Writ of Mandamus in the Third Circuit Court of Appeal on January 21, 2014, Docket Number KH-14-94, seeking to compel the trial court to rule on his first PCR application. The Third Circuit denied petitioner's writ, holding that the information obtained from the trial court, indicated that a ruling was made March 1, 2012. [See Rec. Doc. 9, p. 4] Petitioner attached neither the Writ nor the Court's ruling. Petitioner filed a writ of certiorari in the Louisiana Supreme Court on the trial court's "unusual and misleading procedures," arguing that he did not receive "due-notice" of the trial court's ruling on this first PCR application. [Rec. Doc. 9-6, pp. 222-224] The Louisiana Supreme Court denied petitioner's writ on July 31, 2015. [Rec. Doc. 1-4, p. 22]

Petitioner subsequently made numerous untimely and/or repetitive filings in the state court until his final writ was denied by the Louisiana Supreme Court on January 8, 2016.

Petitioner filed the instant petition on December 19, 2016, making the following claims: (1)

---

[1]Plaintiff was unable to attach a copy of this application to the instant petition.

[2]The Third Circuit Court of Appeal denied this application as untimely. Rec. Doc. 1-4, p. 18.

Petitioner claims actual innocence and that he was denied effective assistance of counsel when trial counsel failed to conduct the adequate pre-trial investigation and present an alibi defense; (2) victim's untruthful and embellished testimony was illegally admitted at trial; (3) DNA evidence used against petitioner was unreliable and, therefore, illegally admitted at trial and the prosecution withheld favorable evidence from defense involving petitioner's DNA samples; (4) trial counsel failed to conduct pre-trial interview of state's key witness, failed to object to prosecutorial misconduct and failed to file a motion for acquittal of jury's verdict of guilty.

*Law and Analysis*

*1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides, however, that the time during which a properly filed application for post-conviction relief was pending in state court is not

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeal, who affirmed same on April 6, 2011. As shown above, petitioner did not seek further direct review of his conviction and sentence in the Louisiana Supreme Court. His judgment of conviction and sentence thus became final by "...the expiration of the time for seeking such review..." Under Louisiana Supreme Court Rule X, §5, petitioner had a period of thirty days following the mailing of the Court of Appeals' denial of his petition for rehearing within which to file his petition for *certiorari*.[4] Thus, petitioner's judgment of conviction and sentence became final for AEDPA purposes thirty days later, or on or about May 6, 2011, when the delays for filing in the Louisiana Supreme Court lapsed. Petitioner therefore had one year, or until May 6, 2012, to file his federal *habeas corpus* petition.

Petitioner was able to toll the AEDPA's limitations period when he filed his first application for post-conviction relief in the Fifteenth Judicial District Court. He did not, however, file his application until February 29, 2012, and by that time, a period of approximately 10 months of the 1-year limitations period had expired un-tolled.

---

[4] Supreme Court Rule X, §5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing..."

Petitioner maintains that he was not made aware of the trial court's denial of his initial PCR application until the Third Circuit denied his Writ of Mandamus on an unknown date, between January 2014 (date of filing) and June 2014 (date of denial of motion for rehearing on same). He asserts in his Amended Complaint [Rec. Doc. 9], filed pursuant to this Court's February 2, 2017, Order [Rec. Doc. 7], that he "exercised reasonable diligence in trying to remedy this matter." [Rec. Doc. 9, p. 11] He did not, however, file the instant petition for habeas corpus in this Court until December 2016. Nonetheless, giving petitioner the benefit of *every* doubt, the instant petition is still untimely.

The last ruling by a state court in his collateral proceedings was the January 8, 2016, denial of his final writ of certiorari.[5] Once the post-conviction application was no longer pending in the Louisiana courts, Petitioner had only 2 months remaining, or until March 2016, within which to timely file his § 2254 petition. He allowed approximately eleven (11) months to elapse between the date the Louisiana Supreme Court denied his final writ application (January 8, 2016) and the date he filed the instant petition (December 19, 2016), which was 9 months too late under the AEDPA.

## 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158

---

[5] The Court notes that the three applications for post-conviction relief filed subsequent to petitioner's initial application were determined by the state court to be untimely and or repetitive.

F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, petitioner has alleged no circumstances to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana, July 12, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE